Good afternoon. May it please the Court. Katherine Mayer-Mangan on behalf of the petitioner. In a case where the prior conviction was the result of a plea, the purpose of the modified categorical approach is to determine whether the plea necessarily admitted the elements of a generic offense. The record in this case does not show that the plea necessarily admitted an aggravated felony for three main reasons. First, a defendant charged with multiple alternative theories in the conjunctive is not required to plead in the conjunctive. He can plead in the disjunctive or he can admit only one of the alternative charged offenses. Second, the docket sheet in this case does not disclose the factual basis of the plea or give us any indication of what facts the defendant actually admitted. Third, we cannot even be certain. Why didn't he admit everything? I'm sorry. Why isn't he deemed to have admitted everything? I mean, he charged in the conjunctive. He pleaded guilty to the charges. Why isn't he deemed to have admitted everything in the indictment? Well, you'd have to infer that he admitted everything in order to reach that conclusion, Judge Kaczynski. An inference that he admitted everything. It's always an inference. When somebody says something, you have to infer that they, in fact, did the thing that they said they admitted. But why isn't, why isn't the plea, why isn't that a fair inference? It's not a fair inference because we don't know what he actually admitted. He may have admitted to only one of the charged offenses, for example, sale, or offered a sale which would not be an aggravated felony. Aren't you fighting the facts? I mean, he may have admitted, he may not have admitted, but what he said was I plead guilty to the conjunctive charge. We actually. That means each and every act. We actually don't. Pardon me. Pardon me. He said, he said I plead guilty to the charge. Not to the charge, but I plead guilty to the information. And the information laid every one of these facts. Why isn't that admitting every one of these facts? First, we don't know that that's the case, because we don't have evidence of the actual plea colloquy or the agreement, the plea agreement. So we don't know that he pled. But we know he pleaded guilty, do we not? We do know he pleaded guilty, but in. And what did he plead guilty to? We don't know exactly. We know that he. To the information, right? We have the information and a fact of a guilty plea, but we don't know that he admitted every allegation in the information because we don't have a plea agreement or a transcript. Well, let me ask you the question in somewhat different terms. Why isn't it appropriate to hold as a matter of law that when you plead guilty to a charge and information, you admit everything in information? So it's not a factual question. It's a legal question. You just as if, just as when you plead guilty, you waive all sorts of rights, the right to testify, the right to bring with, you know, all those things. You've pled guilty. You give up those rights. Why can't we hold as a matter of law that you plead guilty to everything in the indictment or information or the charging document? Well, that inference would create a real risk of attributing to defendants admissions that they never made. And under Taylor, we – and Shepard, the only certainty we have of a generic offense is the actual admissions of a defendant or findings by the judge that he accepted. Here, we don't know what he actually admitted. So we could have this identical record that we're faced with here, and a defendant could have pled only to solicitation, which would not qualify as an aggravated felony. And the record, if it was missing the plea colloquy or the agreement, could look exactly as it does here. So that rule of law that Your Honor is proposing would risk saddling an offendant with admissions that he never made. The only way that we can do that – He has the burden. We're here in cancellation, right? So this is where he has the burden. Yes. And when you say, look, if you think that there's something in the plea colloquy or in the plea agreement or anything like that that you think bears on this and detracts from a full admission, you present it, and then you'll have made the record to show that, oh, what appears to be the right inference or what is presumptively the right inference isn't the right inference, because here we have these additional facts showing that I pleaded to less. So why isn't the situation here that he failed – your client fails because if there is such evidence, he failed to present it? First – my first response to that is he meets his burden of proof of showing that it was not an aggravated felony if the record is inconclusive. This record is inconclusive. Second, this is not a case where the alien was trying to hide information. He asked for the complete record of conviction, and there was no plea colloquy or agreement in that record. So when the record is inconclusive, as it is here, the alien meets his burden of proof for showing that he was not convicted of an aggravated felony. But why is that the case? Why isn't the case that he, in fact, fails? He has the burden. And if there is no evidence, the person that has the burden simply can't meet it. And that's just, you know, he loses because he can't meet his burden. Well, this Court has held that the burden is met when it's inconclusive. And I think that that is the correct rule. And we know – But it's not inconclusive if, in fact, we deem him to have admitted everything in the charging document. There's nothing inconclusive about it. He charged – he pleaded guilty to this and this and this and this. That – if that's the inference, and I stress inference, that that Court would make. But that inference is not an accurate inference, because when you have just the fact that he has pleaded guilty and the original formal charges, that does not prove that the defendant actually admitted each and every one of the allegations. All that proves – Counsel, let me ask you something following up on the burden of proof argument. Let's suppose, for purposes of my question, that your argument is accepted. The indictment says defendant did A and B and C. But because of the custom since Lord Mansfield's time of pleading in the conjunctive and proving in the disjunctive, all that establishes when he pleads guilty is that he did A or B or C, which is what the statute requires. And the Miles case under the California Supreme Court says you have to presume he did the least bad thing. Let's assume all that for purposes of my question, which means you win on that issue if a number of other judges share that assumption. Nevertheless, the statute and the regulations say that the alien has the burden of proof to establish his eligibility, and it says that to sustain the burden, information or documentation or testimony may be considered. Now, we have Ninth Circuit authority from three-judge panel cases that says testimony may not be considered. But, of course, an en banc is not bound by that authority. When he testified before the immigration judge, he said he sold drugs. That could not be considered by our three-judge panel because of binding Ninth Circuit authority saying we have to ignore it. Since the statute says it can be considered, and since it's his burden of proof to show eligibility, why shouldn't we revise the authority that says his testimony has to be ignored and remand so that the BIA and the IJ can consider his testimony in determining whether the burden of proof of eligibility was met? Of course, if they considered it, it would not be met, but that under Ventura would have to go to them first. Why isn't that the proper way to handle burden of proof? I think that all of the reasons that this Court has consistently refused to consider testimony before the agency hold true even when it's the alien's burden. Shepard and Taylor are premised on avoiding relitigating guilts and failures. Shepard and Taylor would determine whether the crime is an aggravated felony for various purposes, sentencing, all sorts of things, career criminal. But we're just talking here about the immigration context where we have this specific statute that says he bears the burden of proof and testimony is one of the things to consider. The analysis, I think, of whether the prior conviction is an aggravated felony or not is the same. It's still Taylor and Shepard that determine that. And as I was mentioning, the other thing is that I think that it's an aggravated felony and otherwise and should remain in the Supreme Court's case. Now someone questioning the big picture. Was that Judge Perkerson? The otherwise the anoración judge is going to have to get into the problems of relitigating past guilty pleas. And immigration judges really can't determine proof of guilt or innocence. And I would also note that if this Court is inclined to consider statements made before the immigration judge, it should also consider the statement that is equally as inconclusive as the rest of this record, which was at Administrative Record, page 241, where the defendant said he his conviction was for sale or transportation or offered to sell cocaine. No, no, no. Page 141, I think it's 261 of the Administrative Record, he says, I pled guilty to one count of sale. I didn't plead guilty to trafficking or possession. That's a true statement of the record. My point was that there are inconsistent statements before the administrative judge. And I think that the policies are the same. I didn't find anything inconsistent with that. Is there something? Well, in one other place, he states that his conviction was for disjunctive charges, one of which was offered to sale, which is not an aggregated felony. That's not inconsistent. That just amplifies. Well, he was saying that one possibility for his conviction was offered to sale, which is not an aggravated felony. I think that the important thing in this case is, though, that the record does not show what he actually admitted. I want to spend just a moment talking about the role of State law in this analysis, because there's been a lot of briefing on that, and both sides have cited State law for different propositions. Our position is that State law is relevant for understanding what actually happened in a plea proceeding. So, for example, it's important to know if a defendant is required to plead to the full extent of the charges, or if, as is the case in California, he can validly plead in a disjunctive court to only one of the alternative offenses. What State law should not be used for is to determine the effect of a guilty plea in this subsequent proceeding. And that's because in other situations where States are trying to determine the effect of a guilty plea in a subsequent proceeding, those cases arise in a variety of different contexts with different presumptions and different tests. So they're very hard to transport into the modified categorical approach. I think just one example will highlight the difficulty that this could present. Arenstein is a case that's been cited by the government that has some language in it that's very bad for my client. That is a California civil case interpreting the effect of a Federal plea. And in that case, the plea was just evidence. And it was actually disputed evidence. And there was a whole mini-trial of the type that Shepard and Taylor seek to avoid at the trial when the defendants contested what they had actually admitted. And I think, you know, if you transport language from cases like that into a modified categorical approach, it's going to become very difficult to determine how would a State read the exact record that is before the court. So to sum up, the State law is important for understanding what actually happened but should not be used to determine the effect of the guilty plea here. That's what the modified categorical approach is. Kennedy, why wouldn't your approach destroy the modified categorical approach altogether? I mean, it's very common to for State law charge or State charging documents to indictments of information, whatever they happen to be called in the State, to charge in the conjunctive, because sometimes they can't tell, is it a boat, is it a house, is it, you know, so that's – if they do it as or, of course, then you can't do a modified categorical approach at all. If they do it as an and, you can't do it either. So I'm not sure why your approach wouldn't say it's to modify, you know, throw the modified categorical approach out of the window. No, I don't think it would, because it's only going to be a problem where you don't have any evidence of the actual admissions of the defendant. I mean, if you have a plea agreement or a plea form or a plea colloquy, it won't destroy the modified categorical approach at all, because you could have a charge exactly like we have here, and if you have a transcript of the plea, colloquy or even the plea agreement, we'll know exactly what the defendant admitted. Well, but Roses-Castaneda tells us that the Petitioner doesn't need to provide that and can't be asked to provide it. So if there's anything unhelpful to the Petitioner in that document, he just won't present it. He doesn't need to present it and, you know, simply presents the either conjunctive or disjunctive, and neither of them is good enough in that sense of the matter. Well, there's nothing preventing the government in that case from seeking the plea colloquy or the agreement if they believe that it could fill in the blank. I mean, this is this problem that we have here is going to occur in missing records cases, which, as the Supreme Court recognized in Johnson, is often a problem in the modified categorical approach. Yeah. Could I just get a clarification? Sure. Is it the fact that the Petitioner did try to find records of the plea? Did the Petitioner try to find records of the plea colloquy and was unsuccessful or they just don't exist or what? What are you saying? What happened at the immigration judge level was that the immigration judge told both parties at one hearing, I need more evidence, I can't tell what this was for, so you need to bring me the transcript of the plea agreement, and he continued the hearing for three months. The government told him, we'll get everything we can. They came back three months later and said, we've submitted everything we can, and there was no plea colloquy and no agreement in that. So the government took the initiative to find it? Both parties attempted to. In the record, there are actually Mr. Young's requests of both the public defender and the trial court requesting complete copies of his record of conviction, including the transcripts. So let me ask you a question. In Badal, we looked at the consequences or the significance of a plea pursuant to People v. West. Yes. Why wouldn't we? That was similar. We looked at that to understand what the effect of the plea was. In Badal, we had the plea form, which has a place for the factual basis. All it said in that little clause was just People v. West. Yes. So we didn't know. We didn't know exactly what it said. All it said was People v. West. There were no facts, nothing. Right. And the court in Badal held that in order to know that the defendant admitted the full extent of the charges, we needed at least something saying that he pled as charged. We don't even have one here. Didn't we look to see what a plea pursuant to People v. West meant in California? Yes, the court did. And it talked about how under People v. West, a plea can be to – a court can accept a plea to any lesser reasonably related offense. This was a negotiated plea. We know that because the second count was dismissed. So it very well may have been pursuant to People v. West. We know that the court had jurisdiction to accept a plea to a lesser included reasonably related offense, which could have been a solicitation offense. And what was your point, then, when you said that the effect – that we shouldn't look to State law for the effect of the plea? I must have not been clear. What I was trying to say was that what the trial court would have had jurisdiction to accept can give us – in terms of a plea can give us some indication of what actually happened. We shouldn't look to the State law interpreting a plea in the past to determine the effect in this case. So the pleading practices, the charging practices of the convicting jurisdiction are important because they tell us, you know – for example, if there was a State that said every defendant must plead to the full extent of the charges, this would be a different case. Why doesn't People v. Miles – why doesn't that sort of inform our understanding of what exactly happened at the time he entered his plea? It can inform – I think it can inform your understanding. I mean, it does show that California has no rule that says that every plea to a conjunctive charge necessarily admits every element of the – of the offense, looking backwards. Our concern is that some of the rules – So all he admits is the minimal amount necessary to establish a violation of the statute. Absolutely. That's it. That's right. Yes. And, you know, that's the same – Why wouldn't that rule apply here? I don't understand your argument. Well, I think it does apply. It's the same rule as Casares. What we're concerned about is the government citing cases that apply tests very different from the modified categorical approach to interpret the meaning of a plea in a subsequent proceeding. I see that I'm running short on time, and I'd like to actually reserve the remainder of my time and turn the floor over to my amicus. Okay. Thank you. Good afternoon. Vince Bronco, Federal Defenders, on behalf of – or appearing for the amici. This Court recently held in Aguilamontes that the purpose of the modified categorical approach is to determine whether the trier fact was actually required to find all the elements of the generic offense. The deem-to-admit rule that Your Honor was speaking of before is totally inconsistent with this statement and Shepard, and that's two principal reasons. First of all, Shepard demands for guilty plea cases to be treated just like trial cases. And it's clear that in trial court cases, if you just have the charging document, even in a conjunctive, and the notation that he's been convicted of that count, you need something more. You actually need to look to the jury instructions. And the analog of the jury instructions is that the trial court case is a trial   of fact, and that the defendant is the trier of fact. And of course, in a guilty plea situation, there is no trier of fact, and the defendant is, in a sense, master of his own findings of fact or the facts pleaded to. So how does that translate? I disagree to the extent that a judge still needs a factual basis to accept a plea. And unless they're confident that there are facts that support the plea, that makes them the trier of fact. Counsel, I'm confused about the basis that you just gave for your disagreement. What I am familiar with in criminal proceedings is the Horry rule that Lord Mansfield said it was a silly rule, but it persisted anyway, that where the statute is in the disjunctive, the indictment must be in the conjunctive to avoid ambiguity. But proof is in the disjunctive. And the usual jury instruction that I'm familiar with says to the jury, if you find that the State has proved beyond a reasonable doubt each of the elements in the first set of elements, or each of the elements in the second set of elements, or if there are more, it goes on, then you must find the defendant guilty. And, of course, the U.S. Attorney's Manual has a direct statement. You must plead in the conjunctive. You need only prove in the disjunctive, and that's how the jury will be instructed. But I think you gave a different reason, and I don't understand it. I've never seen a plea proceeding where the defendant is the master of anything. He's just asked if he pleads guilty to the indictment, and if he committed any one of the two or three or five possibilities under the statute, he pleads guilty, and that's that. Well, that's exactly the point, that someone either in Federal court or State court, if he's charged with, you know, 14 alternative ways to commit the same offense, can go into court and say something like, I'm guilty because I've offered to sell. And if that's the only factual admission, that would just be like going to trial to defend on the only thing I did was an offer to sell. And that he's convicted. Yes. But the thing is, that's why jury instruction. There's no point in not pleading guilty. But it's not really a factual finding. Having a determination that there's a factual basis for the plea is not the same as having the district judge find those facts to be true. The facts are found to be true by the fact that there's an admission that the defendant pleads guilty. To make sure the admission is not somehow contrived, you have to put in a factual basis. But I don't think the district judge ever finds or the trial judge finds those facts to be true. Well, in Federal court under Casares, you would only be presumed to have pled guilty to the to whatever the actual elements are. And the same thing is true in State court. Meaning, in State court, if you have specifically limited your plea to, say, force or fear, and all the California courts recognize this, that someone can go into California if they're charged with, say, force or fear or all the alternative means of drug offense and can go into court and state only a factual basis and clarify that they're only pleading to one part of the statement. That's why in California cases such as Tuggle that they specifically mention as charged by pleading guilty as charged, that's why he admitted the force and fear. That's the dog, right? What does saying guilty as charged change? How does that change in any way? For Taylor purposes, it shows what the actual admissions were. Meaning, you're going into court and saying, yes, Judge, I used force and fear, rather than saying, Judge, I only used fear. That's why it is important for Taylor purposes, because in Sheppard, they were concerned. Kennedy, do Defendants really negotiate about whether as charged is in the plea agreement? At least with this offense. An accident of how the thing happens to be phrased. With this offense, Defendants absolutely negotiate and say, I'm only going to plead guilty to all the concerns. What is the introductory phrase? With this offense, what does that mean? Pardon me? Well, the offense that 11-350-352, where it has different acts, some of which are aggravated felonies and some are not, yes, as a factual basis for the plea and in State court, often a defense strategy is to plead only to the non-aggravated offense. And it would simply be unfair, especially under Sheppard, that talks about actual admissions or actual or explicit findings by the judge, to then say someone that accepted their guilt based on a theory of offer to sell could then be held liable under an aggravated felony for facts they never admitted. That is turning Sheppard on its head. Well, doesn't it depend on or potentially depend on who bears the burden of proof? The burden of the risk of non-persuasion, I guess, is another way to look at the burden of proof. The problem with that is the modified categorical approach is a narrow exception to the categorical approach, and it's a legal question of law, not a question of fact. So it's a binary question that it's either an aggravated felony or it's not. So you don't get into a preponderance of that. Well, it's a question of law in part because most of the parts of this statute as a matter of law are aggravated felonies. One part as a matter of law isn't, but there remains a factual question as to what the guilty plea was about, which is not a question of law. Correct. But what Sheppard requires is either the plea agreement which would admit or which would show exactly what the person pled guilty to, or the colloquy of the plea. And then it says, So you can't have these legal presumptions or what everyone understood what the judge understood what the plea was to. That's one of the lessons from Sheppard, because in Sheppard, you know, everyone knew that Mr. Sheppard, based on these police reports, had burglarized only a dwelling.  The Supreme Court said is that just because everyone understood it doesn't make it so, and any such conclusion like that is a menace to Taylor. I'd like to reserve the rest of the time for colleagues' rebuttal. Okay. We'll hear from the Governor. May it please the Court, good afternoon, Your Honors. Brian Beyer on behalf of the Attorney General has responded in this case. I'd like to start by addressing briefly a point that Ms. Mangan made about the record in this case. She mentioned that on page 251, there was a plea by Mr. Young that addressed the nature of his conviction. The – and she suggested that that created some ambiguity as to what he had represented as the nature of his conviction in immigration court. We disagree with that reading. At the site of page 241, Mr. Young was required to plead to the charge or the allegation in the notice to appear. The Court should not read that as testimony, creating some sort of ambiguity about what his – I'm sorry. Where on page 241 did I look at? Yeah. That was page 241 of the administrative record. He was answering – Pick page. I'm asking you where on the page. Oh, I'm sorry. Just a moment, please. Excuse me. Lines 1 through 7 at the top. I'm sorry. Line 3 through 7. The question from the immigration judge, were you convicted February 8, 2005, for sale or transportation or offer to sell cocaine as charged by the government? That's a reference to allegation number 7 in the notice to appear. That pretty much tracks what the allegation was. And in line 7 of this page, he admits that allegation. And that's all that is. That's all. Counsel, that actually gets to the conjunctive-destructive point pretty well. It's obvious that the I.J. was relying on the statute rather than the information because he used the or, the disjunctive, rather than the conjunctive. It was correct because that is what the man was convicted of. The statute is in the disjunctive. I have been puzzled that the government has not really directly confronted the criminal procedure aspect of the case. As you know from my previous questions, I'm aware that on the criminal side, it has long been the practice, since Lord Mansfield's time at least, to charge for a statute ordered in the disjunctive to produce a charge in the conjunctive. And proof in the disjunctive suffices. Juries are instructed that way. What that makes me think is that when a person is charged in the conjunctive, he's charged with committing A and B and C, which are all crimes laid out in the disjunctive in one criminal statute. One way of reading that is that he's admitting he did all three because of those words taken by themselves. A second way is that his lawyer will have advised him if he did any one of the three, then he's guilty as charged and the jury will convict him because the jury will be instructed to convict him if he did any one of the three, even if the jury does not, is not persuaded he did the other two. I don't see why a plea in that criminal context establishes that he did all three. Why do you think it does? Well, Your Honor, there's two points. The first one is just to respond to the tradition point. It's not just the tradition. It's also the law of California, the Supreme Court decision of Miles and other cases.  I'll address that in just a moment. But this Court's decision in Sandoval-Lua illustrates that not every California charging document is alleged in the conjunctive. The charging document in Sandoval-Lua was written in the disjunctive, and that was important to the Court's reasoning as to why it was that the conviction record in that case was inconclusive. So the tradition in California, or maybe the best practice according to California law, is to charge in the conjunctive to make sure that there's no ambiguity about what the defendant is on notice that he might be convicted of and what he might have to face as far as government's proof. Right. But that's a different issue from what the nature of the admission is. And it's – I guess one way to – The admission is that he's guilty as charged, but he's guilty as charged if he did any one of the three. Well, Your Honor, that's – he's guilty if he did any one of the three. If he's pled guilty and the Court characterizes it as guilty as charged, Tuggle and other cases say that he cannot escape the consequences of his admission if he didn't take steps to qualify. That's odd because there's nothing you can do about it. The defendant can't make the government go to the grand jury and obtain a new indictment on narrower grounds, nor can a defendant make the government write an information on narrower grounds. And although some judges invite a defendant to speak, others merely obtain whatever factual basis they obtain from the government counsel, ask defense counsel if that's correct, and ask the defendant if he disagrees or if he pleads to it. I don't see what he can do about it. Your Honor, respectfully, that doesn't seem to fairly characterize the potential plea dynamics in California State court. As the amicus brief explained, there's opportunities for informal amendments of pleadings. As Judge Paez noted, there's a People v. West option. If the prosecutor will take some time and answer defense counsel's phone calls and go to the trouble of rewriting the information, sure there is. Well, this is true, Your Honor, but, I mean, it doesn't require a re-indictment or a plea. No, you could do it as an information if he's pleading, but it's still up to the prosecutor whether he feels like taking the time and trouble. But, I mean, to go to the second part of the response, I mean, California law says that, you know, there is the way that Tuggle explained it. It said they recognize that there is a theoretical possibility that when someone enters a plea, the convicting court may have only convicted them of, in that case, it was robbery by fear rather than robbery by force. But the court said, having not qualified his plea and having not demonstrated that he didn't have an opportunity to do so, he cannot escape the consequences of his unqualified admission. Well, the consequence under Miles, according to what Miles says at page 1242, is if the conviction was for an offense that can be convicted in multiple – that can be committed in multiple ways and the record of the conviction does not disclose how the offense was committed, a court must presume the conviction was for the least   It provides an opportunity for the prosecution to try toer, which is to admit that Miles cites a whole bunch of previous California cases to the same effect. Well, Your Honor, it's important to understand that what Miles was referring to when it said it's impossible to tell, the charging document was not available, and that was a plea. But there are other California cases that say, in line with, I think, this Court's precedent, that when you have a jury verdict, and the jury instructions aren't available, it is not possible to tell what the nature of the conviction was unless you have a charge document. I don't see where that's in the reasoning of Miles. It looks as though they just took that as well-established California law, the part that I read, and then went on to see if there was anything else here. Well, Your Honor, the Court the decision in Miles didn't address the toggle point, though. Did they have a conjunctive in Miles? Was there a charge that was in the conjunctive? I didn't remember seeing that. Your Honor, the – there was no information about what the charge was. It seemed like it was just a statute. They just referenced a statute. That seems to be what the Court was referring to. I don't believe that there was any information in the appeasement. Counsel, I have another question as well. Is the – is Mr. Young's statement in the record here relevant at all when he says the court – when the government would have access to that, the court transcript, because when I pled guilty, I pled guilty to one count of sale. And if that's – if we had that in modified categorical form, that would answer the question. But we don't. So does this have any relevance at all to our analysis? Your Honor, the Board noted the admission that you're referring to. It declined to decide the case on that basis. It noted that that admission, if it were considered, would establish an aggravated felony conviction. But can it be considered consistent with the Supreme Court case law? Well, Your Honor, this kind of brings us to the broader point. This is not a case about sentencing enhancements. This is not a case where the statute requires the agency to determine that Mr. Young was convicted of a crime. It just requires the Board to determine by preponderance of evidence that Mr. Young was not convicted of a crime, that that is an aggravated felony. That, as Judge Kleinfeld pointed out, certainly can be satisfied by information beyond the narrow Taylor-Shepard type strictures. We believe that the Board has the latitude or should have the latitude to consider information about, such as testimony or sworn statements or something like that. So let's assume, for the sake of this question, that there's a big fire and all the records of conviction from a county in some State have been destroyed in, you know, pre-electronic era, but the person comes in and testifies and said, I did this, this, this, and this,  and is that sufficient so that all this modified categorical talk is set to one side? If I understand Your Honor's question correctly, I think you're asking about a set of admissions that goes substantially beyond what the Board was addressing here. The Board said that a statement about what the content of the plea was, when I pled, I pled to sales, would be probative of whether or not the conviction was for an aggravated felony. So if to you, to vary your hypothetical to answer the question, if the applicant came into immigration court and said, when I appeared in court, I admitted this, and I admitted this, and I admitted this, that would be permissible under our view. How does 241 help you then? I'm sorry? How does the transcript, the record page 241 that you pointed to help? It's 261, I think. It's 261 I was reading from. Well, I was going back to 241, which you pointed to earlier. Oh, 241 is not apposite to the question of whether the conviction is an aggravated felony, because to return to this, I mean. Well, you had relied on it, and I was trying to tie it back to your current discussion. That doesn't help. What's on 241 doesn't help you at all. No, I just wanted to respond to Ms. Mangan's point that it creates an ambiguity by pointing out that it doesn't, because that served a much different function. That wasn't testimony about the content of his plea. That was his response to the immigration judge's question, how do you plead to allegation number seven in the notice to appear? What the immigration judge did, if you compare what he said on page 241 with the notice to appear, you'll see that he's simply reading to Mr. Young the substance of allegation seven and asking him to answer it in accordance with immigration court procedures. I believe Judge Fragerson. Mr. Beer, Mr. Beer, this is Judge Fragerson. You know, this is a very, very complex, or has been made a very complex area to deal with. Now, it seems to me that defendants, when they enter their plea, they instinct for, how to somehow be told what the consequences of that particular plea may be due to the immigration laws. Now, I don't, you know, this puzzle was concocted many years ago, and lots of folks like to deal with puzzles. But I don't know that that's the way justice ought to be administered. Now, do you have a suggestion, or does the Justice Department have a suggestion, on how we can straighten out this mess? Your Honor, the question of what classes of aliens should be considered for discretionary relief from removal. I'm asking you, how can we, you know, if somebody who has no knowledge of what we're talking about listens to this, they're going to sort of wonder whether these people are crazy or not. And we, it's the courts that develop these complexities. Now, how do we make this simple so people can understand it, defendants can understand it, so you don't have to go through a lot of mental gymnastics to come up with an answer? I notice, I notice here, it says court accepts the plea. But, and there's a count of one right above it, but we're not quite sure the plea to what. We don't know whether he went to a specific portion of that statute involved here in this criminal complaint. It's just, how do we find out what went on here? How do we solve this problem so that we have a clear rule that ordinary people can understand? Well, that's a matter for, I think, the Board of Immigration Appeals and immigration judges to contend with. One thing that they could do that just occurs to me is that if they revised the cancellation application form to elicit specific information just to get the facts of what the applicant actually admitted in court or pled to beyond what is now there, that could simplify things quite a bit. Because if, as in this case, you have an applicant who is well aware of what his plea was, he could simply state, I sold cocaine, and the immigration judge could say, that's an aggravated felony. And so I'm going to predominate your application. And that would be very simple. But you could also say, I transported it, in which case it wouldn't be, right? Well, he could say, I transported it, and the immigration judge could certainly take him at his word. The immigration judge could request corroborating documents. And in that event, the applicant may go to the convicting court. The applicant may, depending on whether a transcript of a plea colloquy has been graded. If the IJ asked, and the hypothetical defendant, not this one, said, I was guilty of the crime because when I was driving back to college, I had my stash of marijuana in my backpack, he would be guilty of the California crime because he transported it, but it would not be an aggravated felony. Is that correct? That's probably correct, although I'm not completely sure. I think we've got a Ninth Circuit case on that hypothetical, actually. Okay. Now, let's assume that. If that were so, there would be no further corroborating documents because ordinarily there would just be a plea of guilty. Well, Your Honor. To a charge in the conjunctive. Your Honor, that's not necessarily the case. I mean, like Amasan Becerra is a good example of a case where an alien faced with a charge that it's kind of ambiguous as to whether it was actually charged in the conjunctive or in the disjunctive made absolutely clear that he was entering his plea in the disjunctive. He was only admitting to one of several things charged. And this Court recognized that. Sometimes that happens. Yes, yes. Sometimes. Well, you know, when there's confusion, why not employ the rule of lenity and decide it in favor of the defendant? I mean, you have both the immigration laws and, you know, the criminal statutes are in some areas intertwined. And if you can't tell one way or another, then apply the rule of lenity and just let it go. I mean, it's going to be a terrible task to make the state criminal laws somehow jive with federal criminal law. And I don't know what Lord Mansfield would have to say about that. Probably the only thing, you know. How do you – let's say you are somebody in Mr. Young's position, and it is your view that you did plead in – as here you pleaded to charge – to crimes charged in the conjunctive. But it is your belief that you only were guilty of a little piece of it. And you want – you have the burden of proof because it's cancellation. That's the regime. How would you go about meeting that burden, given those circumstances? Well, Your Honor, I haven't actually faced that issue. I would guess that the first step would be to go back to the convicting court and move to withdraw and modify the guilty plea to make clear what the nature of my plea was. I mean, as this Court indicated in Snellenberger, it's appropriate to, you know, consider documents like abstracts of judgment and minute orders and things like that, in part because they can be corrected if the parties believe there's an error. And so, actually, I wouldn't necessarily have to go and withdraw my guilty plea and get it reentered. Differently, what I could do is simply go and ask that the abstract of judgment be corrected. So, for example, if the abstract of judgment in this case said, sell cocaine, I would go back to the court and I'd say, you know, that's not what I pled to. Please amend it so that it would say transport cocaine. That's important to recognize as well. I mean, Mr. Young had a defense counsel at his criminal proceeding, as all aliens do, and certainly he was advised of the circumstances and he knows what's going on. And so he's aware of, you know, the consequences of his actions. Excuse me. So you're taking a long time to answer the question. I got as far as you go to state court, and let's say you, and I.J. says, fine, I'll give you time to go to state court. And what next? You're not in state court. Well, I think that the procedures in California are that you can ask to correct the documents. What do you ask for? What is it that you ask for? You're not in state court. You get a chance to do a do-over. I suppose. And the judge says, okay, what do you want from me? So what do you want? What are you now asking? I suppose that I could request a correction of a minute order or an abstract of judgment. You're not hearing me. Correction is a procedure. What substantively are you trying to get out of it? What is it that you want to walk away with that will help you? Well, if the problem is that it seems that the ---- Not an if. Just tell me what you want to walk away with that you can then bring back to the IJ and you've satisfied your burden. What is this thing? What does it say? Well, it would say that I'm not completely sure what it would look like. What would he have done? I'm sorry. He got a conjunctive indictment. So now he wants to go back and say all I did was plead to solicitation. Yes. So is that what you're saying? Can he go into state court and he could say, I want the minute order corrected to say defendant pleads to count one solicitation? That's one option. And you think that somebody in the clerk's office is going to do that for him? It's very possible. As I understand it from reading California cases, minute orders and abstracts of judgment do get corrected. Sometimes appellate courts ---- Now, he'd have to go in with his plea agreement, presumably, or some proof. If the judge, the sentencing judge isn't around, I don't know when this was done, but ---- Yes, Your Honor. He would have to go in with some evidence to support his claim of an error. Or he would have to withdraw his, seek to withdraw his guilty plea on some ground and ask to reenter it. Excuse me. Do you disagree with the counsel for the Petitioner that both sides in this case tried to get more documentation, that this is a missing document case, and that both sides attempted to get more documentation and couldn't find it? I do disagree, Your Honor. The record is not clear what, if any, further steps were taken. The Board of Immigration Appeals noted in its decision that Mr. Young had submitted documents to the immigration court that he had requested the records, but there's no indication that he actually received records or sought to submit them at any time for consideration. As for what the government did, the record doesn't really reflect that. The record reflects that when the hearing reconvened, the government had the information and submitted that, and the immigration judge concluded on the basis of that information that the conviction was an aggravated felony. The immigration judge prior to that had said, I want both parties to get the plea transcripts. Going off the record just a little bit, I understand that the Immigration and Customs Enforcement did not seek the transcripts because it hadn't been transcribed and did not seek the transcript until after the three-judge panel had decided this case. Counsel, I lost you when you said you go to State court to get correction of an error because there's no error. Now, my criminal practice was limited to Alaska criminal defense. Maybe California is a lot more lenient. But at least with what I'm familiar with, if you want to correct a judgment, you have to show there's a correction to be made, that it was an error. Here, there was a charge in the conjunctive. He pleaded guilty. Now he realizes it's pretty important to show that he's guilty of only one of the ways of committing the crime. But that's not an error, because he's guilty of the crime if he's guilty of only one of the several ways, so there would be no correction to make. Well, but, Your Honor, if he wishes to clarify what his plea is, it's quite possible that under California law, it's true that you know this. Maybe you know. I've never done criminal defense in California. I presume you have because you're telling me you can do that. Is that right? Your Honor, I have not practiced criminal defense. Is there a rule or something that you're citing, or are you just sort of supposing? Your Honor, I know that you can seek to withdraw pleas that are involuntary. So let's say you withdraw the plea and get to do it over. What do you now ask for? So let's say the judge is lenient and lets you withdraw the plea. So now you say, I want to plead guilty to what? How do you fix the problem now? I guess what you'd say is I want to plead guilty to the portion of the statute that is not an aggravated felony. And can you do that in California? I believe you can. If the Court would like to receive supplemental briefing, I'd be happy to provide it. Why do you believe you can? Pardon me? Why do you believe that you can? Is there a rule or a case that you read that persuaded you of that? Well, Your Honor, we know, like, for example, under the Padilla case, if a defendant wants to claim that his attorney did not properly advise him about the immigration consequences of his conviction and didn't tell him, you know, you need to enter your plea in this way, then maybe that defendant has a Padilla claim. But if the statute's in the disjunctive, the only plea to make is guilty, regardless of the immigration consequences. Well, but, Your Honor, the plea is to the count. Yeah. But the count is commission of a crime that is denoted by the statute in the disjunctive. When a statute is in the disjunctive, it's not charged in three separate counts or however many counts there are disjunctive clauses in the statute. It's charged in one count, in the conjunctive. Well, that's correct, Your Honor. But a defendant has a lot of latitude in California to shape and qualify his plea. And that's what cases from Tuggle and thereafter reflect. I mean, the Petitioner's case authority, in addition to Miles, which we've talked about, includes Strand and Nelson. And Nelson cites Tuggle as a leading case. It distinguishes it for reasons that we don't think are relevant here. But it reflects that Tuggle is, in fact, a rule that is a leading case, the leading rule in California. Strand concerns an Oregon conviction. And the California court indicated that it looked at Oregon law and didn't find an answer to the problem and declined to apply the Tuggle rule. And so those cases, you know, weighed against Tuggle and the other authorities that we cite, really go far to show that it's a fair rule, that when a defendant fails to qualify his plea, his admission, he can't escape his admissions because of the theoretical possibility that he was only convicted of one thing. I see the light's on. I'm sorry. You've got to finish your sentence. You don't have time. I'm sorry to exceed my time. For the reasons given in our briefs, we ask the Court to deny the petition for review. Thank you. All of this talk about what Mr. Young did or didn't admit before the immigration judge, and what it may or may not mean, highlights the problem here, which is that we don't know what he actually admitted. Well, let's say he had been aware of this problem when he entered his plea in State court. Or let's say he gets a chance to go back and do it over. What would he do? How could he plead? Are you saying if he had a chance to go? Let's say he's back in State court and the judge lets him withdraw his plea and say, okay, do it over again in a way that will be favorable to you or that will work for your immigration purposes. What could he then do? Well, I don't know that there's a procedure for him to go back and interrogate you. You're fighting the question. You're fighting the question. I mean, I would presume that he would. Let's say he's back the original time. He anticipates there will be immigration problems. Okay? So let's eliminate that. Okay? So now you're his lawyer and you say, okay, you've been charged in the conjunctive here in the statute and I want to be very careful how you plead because I want to be able to get something out that will meet your burden in cancellation proceedings. What would you do? What would you do? I would advise him to plead on the record. I plead only to offering to sell, which would not be an aggravated felony. We'd have a plea colloquy or a plea agreement with a factual basis of offering you to sell. That would be. Can you do that in California? Yes. Yes. I mean, you can plead only to one of the alternative acts charged because that would constitute a valid conviction under 113. If that's true, why should we ignore the statement made to the immigration judge that what he actually had pleaded guilty to was sale of cocaine? I think that that statement is so far outside the record of conviction. It's not reliable evidence of what he actually admitted. Taylor and Shepard go to great lengths to limit the inquiry to the actual records of conviction. There needs to be. But who would know better what he did and what he pled to than the Petitioner himself? He may be the best person, but the thing is that you'll open yourself up to a mini trial. We can see in civil cases where pleas come in. Well, if someone admits removability, for example, that ends it. Why couldn't this be treated in the same way, that you really don't have to go the long way around because the Petitioner himself at that time responded? But the alien has said, yes, this is what I did. Well, first, I think it's important to look at what the Finder of Facts did here. That wasn't enough even for this immigration judge. Immediately after that statement, he asked for more evidence. So that's one problem with doing that. The second, it's going to just open up a relitigation of the plea. Suppose he comes in and says, I pled only to offer. The government says, no, you didn't. I'm going to call the prosecutor and he's going to testify. And then the defendant says, well, I'm going to call the, you know, my attorney. And you have a whole retrial of the plea, which is exactly what Taylor and Shepard were seeking to avoid. Kennedy, Taylor and Shepard apply to situations where the government has the burden of proving that a defendant did something that would aggravate a sentence or category such as armed career criminal or something. Here, the government does not have the burden. Deportability is conceded, or removability. The defendant has the burden of proving that he – first the government had the burden of proving deportability by clear and convincing evidence. Now the defendant has the burden of proving that he did not commit an aggravated felony. It appears that the government has at least a prima facie case that he did. But since he does have the burden of proof and that burden is in immigration proceedings, I don't see where Taylor and Shepard would necessarily be extended to prevent the defendant from talking and saying what he did. Your Honor, may I answer the question? Go ahead. The test is whether the record shows that he was an aggravated felon only for purposes of eligibility to apply for cancellation of removal. And the test should be the same, whether you're an aggravated felon for removal purposes or as a disqualification for cancellation. The final cancellation removal, you're absolutely right, Your Honor, is a discretionary determination that the immigration judge would still have to make in this case, regardless of how this – even if this Court rules in our favor on appeal. Thank you. Thank you. The case is argued. We'll stand for a minute. We'll adjourn. All rise.
judges: Kozinski, Schroeder, Fletcher, Pregerson, Kleinfeld, Graber, Fisher, Paez, Clifton, Bea, Ikuta